IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGIE MATHIS | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | NO. 21-5698 |
| EXPERIAN, LLC | : | |

MEMORANDUM

Bartle, J.                                                                May 22, 2023

      Defendant Experian, LLC moves to dismiss pro se plaintiff Dougie Mathis's action with prejudice pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. Experian contends that dismissal is warranted because Mathis has not complied with a discovery order and has otherwise failed to prosecute the action.

      Mathis alleges in this action that Experian is liable under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., for misreporting that he owed child support debt that he claims has been discharged.[1] He claims that an entity, Philadelphia Child Support DRS, "issued to [him] a 1099-C back in 2017 reflecting the discharged account."

---

1. Mathis also sued credit bureaus Equifax and Trans Union as well as the entity Philadelphia Child Support DRS. He entered into stipulations of dismissal with Equifax and Trans Union. As explained further below, the court dismissed his action against Philadelphia Child Support DRS for failure to effect timely service.

Mathis initiated this action on December 30, 2021. He named Philadelphia Child Support DRS as a defendant but never served his complaint on the entity. The court entered a May 19, 2022 Order requiring Mathis to effect service within one month or demonstrate good cause for failure to do so. See Doc. # 17. Mathis did neither. As a result, the court entered an order on June 22, 2022 dismissing his complaint against Philadelphia Child Support DRS without prejudice. See Doc. # 19.

Experian has diligently sought a copy of the 1099-C form that Mathis referenced in his complaint. It first requested this document on March 25, 2022. It represents that it has requested production of this document no less than seven times. The court entered an order on January 23, 2023 that required Mathis to "produce to defendant Experian, LLC, on or before February 7, 2023, a copy of the IRS Form 1099-C that he references in paragraph one of his complaint." See Doc. # 25. The order also required Mathis to produce "a copy of the court order, if any, that terminated his child support obligations." See id.

Mathis responded to this Order by producing a blank copy of a 2017 IRS form 1099-C. According to Experian, he also supplied "the first page of a purported child support termination order" and "a June 29, 2022 Order to Release Assets on Previously Garnished Account."

Rule 37(b)(2)(A)(v) authorizes a district court to sanction a party who disobeys a discovery order by dismissing an action in whole or in part.  Similarly, Rule 41(b) provides, "If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action."

In deciding whether dismissal for failure to comply with a court order is warranted, the court considers six factors outlined by our Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

> (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.

In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 687 F. App'x 210, 213 (3d Cir. 2017) (citing Poulis, 757 F.2d at 868-70).  There is no "magic formula" or "mechanical calculation" to determine whether an action should be dismissed under the Poulis factors.  In re Asbestos, 718 F.3d 236, 246 (3d Cir. 2013).  "In fact, no single Poulis factor is dispositive" and "not all of the Poulis factors need be satisfied in order to dismiss a complaint."  Id.  Whether to dismiss a complaint is within the court's discretion.  Poulis, 747 F.2d at 868.

Experian contends that dismissal is warranted under each of the Poulis factors. Mathis has not filed any opposition to the present motion.

The court agrees that the Poulis factors weigh in favor of dismissal. First, Mathis is pro se and thus solely responsible for defying a discovery order and delaying this case. Second, Mathis's conduct has prejudiced Experian. The tax form that Mathis references in his complaint--the one that purportedly reflects his lack of child support debt and not the blank form that he produced to Experian--is critical to Experian's ability to prepare its case. Third, Mathis has engaged in an undeniable history of dilatoriness. He obstructed Experian's reasonable discovery requests for over a year and also failed to timely serve another defendant, Philadelphia Child Support DRS, which resulted in the court dismissing his action against that defendant. Fourth, Mathis's conduct is willful. Experian has submitted correspondence between it and Mathis showing that Mathis was well aware of Experian's straightforward request for the tax form he referenced in his complaint. Fifth, dismissal is the only effective sanction. Mathis has been given several opportunities to supply the tax form Experian seeks. His refusal to do so, coupled with his failure to file opposition to the present motion, belies his "interest in prosecuting this case." Drayton v. Spotts, Civ. A.

-4-

No. 19-1265, 2019 WL 5167011, at *3 (E.D. Pa. Oct. 15, 2019).  Sixth, based on the history of the case, it does not appear that Mathis's claim has merit.  Under such circumstances, dismissal with prejudice pursuant to Rules 37(b) and 41(b) is appropriate.